983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re SALOMON S.A., AND SALOMON/NORTH AMERICA, INC., Petitioner.
 Misc. No. 348.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Salomon S.A. and Salomon/North America, Inc. (Salomon) petition for a writ of mandamus to direct the United States District Court for the District of Vermont to (1) vacate its June 2, 1992 order directing the "prevailing party" to submit proposed findings concerning pending motions for summary judgment and (2) vacate the December 4, 1990 order of referral to a master and strike the master's reports. Nordica U.S.A. Inc. and Nordica S.p.A. (Nordica) oppose. Salomon moves for leave to file a reply, with reply attached. Salomon moved for oral argument concerning this petition. Nordica opposes the motion for oral argument.
 
 BACKGROUND
 
 2
 Salomon sued Nordica for infringement of certain claims of 14 of its patents directed to ski boots. Nordica's ski boots, specifically 132 different models of its ski boots, are the allegedly infringing products. In a letter dated October 29, 1990, Nordica mentioned that the district court might wish to use a master for summary judgment motions. In a letter dated November 29, 1990 confirming various oral orders, the district court noted, inter alia, that it had decided to appoint a master pursuant to Fed.R.Civ.P. 53(a) and identified the master it intended to appoint. In a letter dated December 3, 1990, Salomon stated that it did not agree "to the referral and believe[s] that such a referral is inappropriate in this case." Salomon requested an opportunity to brief the issues and present oral argument on the propriety of referral to a master. On December 4, 1990, the district court issued an order of reference to the master. Concerning the master's authority, the order stated:
 
 
 3
 ... the following matters are granted to the Special Master:
 
 
 4
 To regulate all pretrial proceedings and to do all acts and take all measures necessary or proper for the efficient performance of the Master's duties under this order. The Master may require the production before the Master of evidence upon all matters embraced in this reference, including the production of all books, papers, vouchers, documents, and writings applicable thereto. The Master may rule upon the admissibility of evidence and has the authority to put witnesses on oath and may examine them and may call the parties to the action and examine them upon oath. The Master shall make a record of the evidence offered and excluded in the same manner and subject to the same limitations as provided in the Federal Rules of Evidence for a court sitting without a jury.
 
 
 5
 During the next 10 months, both parties filed summary judgment motions. The master issued his first report on August 6, 1991. The master has issued reports on motions concerning at least eight of the 11 patents at issue in summary judgment posture, recommending that summary judgment be granted for Nordica on issues of invalidity or noninfringement. The district court has not ruled on the motions for summary judgment.
 
 
 6
 On November 25, 1991, Nordica requested that the district court issue findings and conclusions and hold a hearing concerning the dispositive motions recommended by the master. On December 20, 1991, the district court ordered "the prevailing party on each dispositive ruling" to
 
 
 7
 submit proposed findings of fact and conclusions of law for consideration by the court within 30 days after the date of the last Report and Recommendation by the Special Master. Specific oppositions by the non-prevailing party not already covered in its objections to the Master's Report and Recommendation are due 30 days thereafter.
 
 
 8
 On March 16, 1992, upon consideration of Salomon's motion to limit the proposed findings of fact and conclusions of law to be submitted by the prevailing party, the district court rescinded the December 20, 1992 order and prohibited the submission of proposed findings and conclusions. Nordica moved for reconsideration.
 
 
 9
 On April 27, 1992, Salomon moved to rescind the order of reference and strike the master's reports. Salomon also requested that the district court certify the issue for immediate appeal. On June 2, 1992, the district court denied Salomon's motions and again directed the "prevailing party," based upon the master's recommendations, to draft proposed findings concerning the summary judgment motions. On July 7, 1992, the district court denied Salomon's motion to reconsider the June 2, 1992 order and denied Salomon's motion to certify the orders for immediate appeal. Salomon petitions for a writ of mandamus to direct the district court to (1) vacate its June 2, 1992 order directing the "prevailing party" to submit proposed findings concerning pending motions for summary judgment and (2) vacate the December 4, 1990 order of referral to a master and strike the master's reports.
 
 DISCUSSION
 
 10
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that its right to the issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 11
 As to its request that this court direct the district court to rescind the December 4, 1990 order of reference to a master and to strike the master's reports, Salomon argues that the district court abdicated its judicial responsibility to decide the issues before it and that the reference deprives Salomon of due process rights.* Salomon further argues that the case was not so exceptional to warrant referral. Salomon states that the Master's reports "show both incorrect and insufficient analysis, and bias." Salomon argues that the order of reference to the master did not authorize the master to hear and make recommendations on dispositive motions for summary judgment. Salomon concludes that the district court "refuses to rescind the reference and handle the summary judgment motions himself."
 
 
 12
 As to its request that this court vacate the district court's June 2, 1992 order directing the "prevailing party" to submit proposed findings of fact and conclusions of law as to the pending motions for summary judgment, Salomon argues that there is "no basis for the submission of proposed findings." Salomon states that both parties "have already filed proposed findings by way of their Contentions, and respective Statements of Uncontested Facts and briefs included in the summary judgment motions...." Salomon states that Nordica has also noted certain deficiencies in the master's reports and Salomon states that the master's reports are "beyond salvage." Salomon argues that "[a]llowing a party to reinterpret the findings of the Master in a jury action is an abuse of discretion and a frivolous waste of time." Although the district court has stated that the master's reports "are merely recommendations and as such remain subject to [the district court's] de novo review," Salomon argues that "the undeniable fact is that they will not be reviewed de novo " (emphasis in original). Salomon states that it believes the district court will "simply rubber stamp the Master's rulings."
 
 
 13
 Salomon has not established there are no other means for obtaining the relief it seeks. We note that while Salomon did object to the district court's December 4, 1990 order of reference to a master, Salomon waited more than one year and four months before seeking to have the issue certified for immediate appeal. During that period, the master issued reports on at least eight dispositive motions on summary judgment. Salomon subsequently sought this writ after these reports unfavorable to Salomon's position were issued. Salomon's arguments concerning how it believes the district court will rule on the motions for summary judgment are purely speculative and contrary to the district court's assertions that it will review the motions de novo. In sum, Salomon has not established that it is entitled to a writ or shown why the issues now raised by Salomon's petition for writ of mandamus could not be addressed in an appeal after entry of a final judgment.
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 (1) Salomon's petition for a writ of mandamus is denied.
 
 
 16
 (2) Salomon's motion for leave to file a reply is granted.
 
 
 17
 (3) Salomon's motion for oral argument is denied.
 
 
 
 *
 In Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1566 (Fed.Cir.1988), this court noted that "[m]asters can properly aid the court in evaluating issues of patent validity and infringement in the context of motions for summary judgment, and have often done so" (citations omitted). Salomon argues that this case is not relevant because in Constant the parties agreed to the appointment of the master. Due to our disposition of this petition, we do not address the relevancy of Constant